

| | | | |
|---|---|---|---|
| | "jerry capeci" <capeci@ganglandnews.com> | To | <chambersnysdseibel@nysd.uscourts.gov> |
| | | cc | <scott.hartman@usdoj.gov>, <jacqueline.kelly@usdoj.gov>, <rfranklinlaw@gmail.com>, "Joseph DiBenedetto" <jdibenedetto@dibenedettolaw.com>, "Seth Ginsberg" |
| | 07/30/2018 03:36 PM | bcc | |
| | | Subject | Revised News Reporter Pro Se Motion to unseal, 17cr89 |

1 attachment



7-24-18 pro se unseal letter 17cr89 (revised).docx.pdf

Dear Judge Seibel – I am submitting this *revised* three-page *pro se* letter motion, which now also asks you, in the second sentence on page 2, to list me as a party in the case, so that, according to Jordan Prince, the Special Assistant to the District Executive, I would then be eligible to receive a one-time "bounce" at my email address regarding filings, orders and rulings by your Honor. It is the only addition to my original letter. There are no other changes. Thank you.

Sincerely,

Jerry Capeci
Jerry Capeci
P.O. Box 863
Long Beach, NY 11561
516-431-1277
www.ganglandnews.com

> The application to unseal was granted in part on the record on 8/3/18. See transcript.
>
> As for ECF bounces, it is the Court's policy (I am told) that reporters who are not full-time in the courthouse do not get ECF bounces, and even that is only a pilot program for a fraction of the in-house reporters.

So Ordered.

*Cathy Seibel*
Cathy Seibel, U.S.D.J.
Dated: 8/14/18

# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

July 24, 2018

The Honorable Cathy Seibel
United States District Judge
300 Quarropos Street
White Plains, NY 10601

**Re: _U.S. v. Steven L. Crea, et al, 17CR89 (CS)_**

Dear Judge Seibel,

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's right of access to the documents submitted by the government and defendant Steven L. Crea (Crea Sr.) regarding the *Brady Motion* hearing that is scheduled for Friday, August 3, 2018. Specifically, I petition the Court to treat this application as a claim by an interested party requesting the release to the public of the motion papers submitted by Crea Sr., the reply papers by the government, as well as all exhibits that were submitted to Your Honor for consideration in this matter.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King*, 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller*, 837 F.2d 84, 85 (2d Cir. 1988); *Herald*, 734 F.2d at 96. *In re Application of Herald Co.*, 734 F.2d 93, 96 (2d Cir. 1984).

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner*, 435 U.S. 589, 597 (1978); Va. Dep't of State Police v. *Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post*, 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside*, 478 U.S. 1, 15 (1986); *Stone*, 855 F.2d at 180.

# **Gang Land News**
### *Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

As the Court is aware, I publish a weekly online column about organized crime at www.ganglandnews.com, and have written numerous articles about the racketeering indictment[2] in which Crea Sr. and four codefendants are charged with the 2013 murder of an alleged criminal associate named Michael Meldish.

I ask that you treat this letter as a *pro se* motion, list it as such on the court docket sheet, and list me on the docket sheet as a party in the case.

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or others, the public has a common law right and a First Amendment right to all the materials that federal judges use to render decisions in criminal cases. Specifically, the United States Supreme Court explained that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. This fundamental privilege extends to "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).

The First Amendment guarantees the public "a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.").

Although there is no specific mention of sealed filings regarding the August 3 *Brady Motion* hearing on the official court docket sheet, it stands to reason that Your Honor would not be hearing oral arguments on the motion without first receiving briefs by each side. Also, upon information and belief, several notations of sealed filings on the docket sheet in recent weeks concern the *Brady Motion* hearing.

Based on information and belief, government prosecutors have differing views on what constitutes so-called *Brady Material* – and when the government is required to turn it over to defense lawyers – than the attorneys for Crea Sr. and the other defendants who are also charged with the Meldish murder.

---

[2] My January 22, 2018 letter to this Court, docketed (#185) the following day, contains additional background about my work as a news reporter, and writings about this case, which I have not repeated here.

# **Gang Land News**
*Real Stuff about Organized Crime*

capeci@ganglandnews.com
Jerry Capeci

I have written several articles on this subject in recent months. In one titled, "Three Years Later, Feds Turn Over Brady Material In Meldish Murder," I reported on May 31 that a top Southern District of New York prosecutor stated during a Manhattan Federal Court proceeding that "every AUSA in the criminal division" was being retrained to promptly disclose *Brady Material* following reports that it was wrongly withheld in three cases, including one before Your Honor[3].

The manner in which SDNY prosecutors deal with the U.S. Supreme Court dictates concerning *Brady Material* is of interest to Gang Land readers and to many residents of the New York Metropolitan area as well.

For all the above reasons, and based on any statutes or judicial precedents that the Court may feel relevant, I respectfully ask that Your Honor unseal the Brady motion court papers and exhibits filed by the defendant and the government before the scheduled August 3 hearing.

For the same reasons, I also petition the Court to unseal the redacted portions of the bail motion and sealed exhibits that Steven D. Crea (Crea Jr.) filed on July 9, 2018, and that you instruct the government to publicly file its July 30 reply to Crea Jr.'s renewed motion for bail, which is also slated to be argued before Your Honor on August 3.

Sincerely,

Jerry Capeci

cc attorneys Robert Franklin, Scott Hartman, Jennifer Kelly, Hagan Scotten, Joseph DiBenedetto, Seth Ginsberg

---

[3] The subject matter of that article was the focus of a follow-up story in a June 6 story in The New York Times titled "Days Before Murder Trial, Prosecutors Reveal A Missing Confession." Notably, the motives of the press for seeking access to records is not relevant or dispositive to whether it should be granted, because the party seeking closure bears the burden of demonstrating that the court documents should be sealed. *DiRussa v. Dean Witter Reynolds*, Inc., 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044.

3



# FAX COVER SHEET

| | |
|---|---|
| TO | |
| COMPANY | |
| FAX NUMBER | 19143904278 |
| FROM | Jerry Capeci |
| DATE | 2018-07-24 14:41:55 GMT |
| RE | News Reporter Pro Se Motion to unseal, 17CR89 (CS) |

## COVER MESSAGE

Dear Judge Seibel – I do not have the capability to file motions electronically via ECF and am submitting this three-page *pro se* letter motion via fax, and also via email to your Honor and the opposing attorneys in US v. Steven L. Crea, (Crea Sr.), and Steven D. Crea (Crea Jr.), 17CR89 (CS), according to your Honor's Individual Practices as stated on the SDNY website.

In addition, I ask that you include me as a party in the case who receives a "bounce" at my email address, capeci@ganglandnews.com, regarding filings in the case.

Sincerely,

Jerry Capeci

Jerry Capeci
P.O. Box 863
Long Beach, NY 11561
516-431-1277
www.ganglandnews.com

# Gang Land News
## Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

July 24, 2018

The Honorable Cathy Seibel
United States District Judge
300 Quarropos Street
White Plains, NY 10601

Re: U.S. v. Steven L. Crea, et al, 17CR89 (CS)

Dear Judge Seibel,

I respectfully submit this letter for the purpose of intervening in the above referenced case in order to assert the public's right of access to the documents submitted by the government and defendant Steven L. Crea (Crea Sr.) regarding the *Brady Motion* hearing that is scheduled for Friday, August 3, 2018. Specifically, I petition the Court to treat this application as a claim by an interested party requesting the release to the public of the motion papers submitted by Crea Sr., the reply papers by the government, as well as all exhibits that were submitted to Your Honor for consideration in this matter.

This petition is made pursuant to the tenets of the common law and the First Amendment of the Constitution, and all the relevant statutes and judicial precedents that ensure the public's right of access to all judicial documents in criminal prosecutions in the United States of America.[1] In this regard, several courts have recognized that a third-party motion to intervene is a procedurally proper device for the purpose of protecting the public right of access to documents filed in a criminal proceeding. *See, e.g., United States v. King*, 140 F.3d 76, 77 (2d Cir. 1998); *United States v. Haller*, 837 F.2d 84, 85 (2d Cir. 1988); *Herald*, 734 F.2d at 96, *In re Application of Herald Co.*, 734 F.2d 93, 96 (2d Cir. 1984).

---

[1] In addition to the common law right of access, courts have also found the First Amendment to the United States Constitution to presume a right of the public to inspect and copy judicial records and documents. *See Nixon v. Warner*, 435 U.S. 589, 597 (1978); *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004); *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). Notably, the First Amendment's guarantee of that right is much stronger than the guarantee provided by the common law. *Wash. Post*, 386 F.3d at 575; *see also Press-Enter. Co. v. Super. Ct. of Cal. for the County of Riverside*, 478 U.S. 1, 15 (1986); *Stone*, 855 F.2d at 180.

# Gang Land News
## Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

As the Court is aware, I publish a weekly online column about organized crime at www.ganglandnews.com, and have written numerous articles about the racketeering indictment[2] in which Crea Sr. and four codefendants are charged with the 2013 murder of an alleged criminal associate named Michael Meldish.

I ask that you treat this letter as a *pro se* motion and list it as such on the court docket sheet.

It is well established that except in the most extraordinary cases, namely those that involve national security or safety of witnesses or others, the public has a common law right and a First Amendment right to all the materials that federal judges use to render decisions in criminal cases. Specifically, the United States Supreme Court explained that "the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon*, 435 U.S. at 597. This fundamental privilege extends to "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986).

The First Amendment guarantees the public "a general right of access to court proceedings and court documents unless there are compelling reasons demonstrating why it cannot be observed." *Washington Post v. Robinson*, 935 F.2d 282, 287-88 (D.C. Cir. 1991); *See also In re New York Times Co.*, 828 F.2d 110,114 (2d Cir. 1987) ("where the first amendment provides a right of access, continued, sealing of documents may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim.").

Although there is no specific mention of sealed filings regarding the August 3 *Brady Motion* hearing on the official court docket sheet, it stands to reason that Your Honor would not be hearing oral arguments on the motion without first receiving briefs by each side. Also, upon information and belief, several notations of sealed filings on the docket sheet in recent weeks concern the *Brady Motion* hearing.

Based on information and belief, government prosecutors have differing views on what constitutes so-called *Brady Material* – and when the government is required to turn it over to defense lawyers – than the attorneys for Crea Sr. and the other defendants who are also charged with the Meldish murder.

---

[2] My January 22, 2018 letter to this Court, docketed (#185) the following day, contains additional background about my work as a news reporter, and writings about this case, which I have not repeated here.

# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

I have written several articles on this subject in recent months. In one titled, "Three Years Later, Feds Turn Over Brady Material In Meldish Murder," I reported on May 31 that a top Southern District of New York prosecutor stated during a Manhattan Federal Court proceeding that "every AUSA in the criminal division" was being retrained to promptly disclose *Brady Material* following reports that it was wrongly withheld in three cases, including one before Your Honor'.

The manner in which SDNY prosecutors deal with the U.S. Supreme Court dictates concerning *Brady Material* is of interest to Gang Land readers and to many residents of the New York Metropolitan area as well.

For all the above reasons, and based on any statutes or judicial precedents that the Court may feel relevant, I respectfully ask that Your Honor unseal the Brady motion court papers and exhibits filed by the defendant and the government before the scheduled August 3 hearing.

For the same reasons, I also petition the Court to unseal the redacted portions of the bail motion and sealed exhibits that Steven D. Crea (Crea Jr.) filed on July 9, 2018, and that you instruct the government to publicly file its July 30 reply to Crea Jr.'s renewed motion for bail, which is also slated to be argued before Your Honor on August 3.

Sincerely,

Jerry Capeci

cc attorneys Robert Franklin, Scott Hartman, Jennifer Kelly, Hagan Scotten, Joseph DiBenedetto, Seth Ginsberg

---

[3] The subject matter of that article was the focus of a follow-up story in a June 6 story in The New York Times titled "Days Before Murder Trial, Prosecutors Reveal A Missing Confession." Notably, the motives of the press for seeking access to records is not relevant or dispositive to whether it should be granted, because the party seeking closure bears the burden of demonstrating that the court documents should be sealed. *DiRussa v. Dean Witter Reynolds, Inc.*, 121 F.3d 818, 820 (2d Cir. 1997); *United States v. Amodeo*, 71 F.3d 1044.