UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA                 :

      - v. -                               :

MATTHEW MADONNA,                         :        **SUPERSEDING**
STEVEN L. CREA,                                   **INDICTMENT**
    a/k/a "Stevie,"                      :
    a/k/a "Stevie Wonder,"                        S18 17 Cr. 89 (CS)
    a/k/a "Herbie,"                      :
STEVEN D. CREA,
    a/k/a "Stevie Jr.,"                  :
CHRISTOPHER LONDONIO, and
TERRENCE CALDWELL,                       :
    a/k/a "T,"
                           :

              Defendants.

- - - - - - - - - - - - - - - - - - X

## COUNT ONE
### (Racketeering Conspiracy)

The Grand Jury charges:

### The Enterprise

1.   At all times relevant to this Indictment, MATTHEW
MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder,"
a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER
LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and
others known and unknown, were members of an organized criminal
enterprise known as La Cosa Nostra ("LCN" or "the Enterprise"),
whose members and associates engaged in crimes including murder,
attempted murder, assault, distribution of controlled
substances, making extortionate extensions of credit, operating
illegal gambling businesses, wire fraud, mail fraud, selling

untaxed cigarettes, and other offenses.

2.    La Cosa Nostra, including its leadership, membership, and associates, constituted an "enterprise," as that term is defined in Title 18, United States Code, Section 1961(4), that is, a group of individuals associated in fact.  The Enterprise was an organized criminal group that operated in the Southern District of New York and elsewhere.  As demonstrated by their ongoing coordination, communication, and efforts to work together, the Enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the Enterprise.

3.    La Cosa Nostra, also known as the "Mafia," operated through entities known as "Families."  Six Families operated in the New York City and New Jersey area, namely, the Genovese Organized Crime Family of LCN, the Gambino Organized Crime Family of LCN, the Luchese Organized Crime Family of LCN, the Colombo Organized Crime Family of LCN, the Bonanno Organized Crime Family of LCN, and the Decavalcante Organized Crime Family of LCN.  The defendants named in this Indictment were members and associates of the Luchese Family.

4.    Mafia Families each operated through groups of individuals known as "crews" and "regimes," most of which were based in New York City.  Each "crew" had as its leader a person known as a "Caporegime," "Capo," "Captain," or "Skipper," and

2

consisted of "made" members, sometimes known as "Soldiers," "wiseguys," "friends of ours," and "good fellows."  Soldiers were aided in their criminal endeavors by other trusted individuals, known as "associates," who sometimes were referred to as "connected" or identified as "with" a Soldier or other member of the Family.  Associates participated in the various activities of the crew and its members.  In order for an associate to become a made member of the Family, the associate typically needed to demonstrate the ability to generate income for the Family, and/or that the associate was capable of committing acts of violence.

5.   Each Capo was responsible for supervising the criminal activities of his crew, resolving disputes between and among members of the Family, resolving disputes between members of that Family and members of other criminal organizations, and providing Soldiers and associates with support and protection. In return, the Capo typically received a share of the illegal earnings of each of his crew's Soldiers and associates, which was sometimes referred to as "tribute."

6.   Above the Capos were the highest-ranking members of each Family, commonly referred to as the "Administration."  The head of each Family was known as the "Boss," who was ordinarily assisted by an "Underboss" and a "Consigliere," or counselor. The Boss, Underboss, and Consigliere were responsible for, among

3

other things, setting policy, resolving disputes between and among members of the Family, and resolving disputes between and among members of that Family and members of other criminal organizations.  The Administration of each Family was also responsible for overseeing the criminal activities of the Family's Capos, Soldiers, and associates, and was at times called upon to make decisions regarding those criminal endeavors.

7.    The Boss, Underboss, and Consigliere supervised, supported, protected, and disciplined the Capos, Soldiers, and associates, and regularly received reports regarding their various activities.  In return for their supervision and protection, the Boss, Underboss, and Consigliere typically received part of the illegal earnings of each crew.

8.    At all times relevant to this Indictment, MATTHEW MADONNA, the defendant, was a member of the Luchese Family.  At most times relevant to this Indictment, MADONNA was the Street Boss of the Luchese Family. As the Street Boss of the Luchese Family, MADONNA managed the affairs of the Family on behalf of the formal boss, who is serving a life sentence in federal prison for murder, among other crimes.

9.    At all times relevant to this Indictment, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," the defendant, was a member of the Luchese Family.  At most

4

times relevant to this Indictment, STEVEN L. CREA held the rank of Underboss of the Luchese Family.

10.   At all times relevant to this Indictment, STEVEN D. CREA, a/k/a "Stevie Jr.," was a member of the Luchese Family and, at certain times relevant to this Indictment, held the rank of Captain in the Luchese Family.

11.   At all times relevant to this Indictment, CHRISTOPHER LONDONIO, the defendant, was an associate of La Cosa Nostra.   In or about 2013, LONDONIO was inducted as a Soldier in the Luchese Family.

12.   At all times relevant to this Indictment, TERRENCE CALDWELL, a/k/a "T," was an associate of La Cosa Nostra.

### Purposes of the Enterprise

13.   The purposes of the Enterprise included the following:

a.   Enriching the leaders, members, and associates of the Enterprise through, among other things, distribution of controlled substances, robbery, extortion, making extortionate extensions of credit, wire fraud, mail fraud, operating an illegal gambling businesses, selling untaxed cigarettes, and other offenses, and other crimes;

b.   Preserving and augmenting the power, territory, and financial profits of the Enterprise through intimidation, violence, and threats of physical and economic harm, including murder; and

5

c.   Keeping victims and citizens in fear of the Enterprise and its leaders, members, and associates by: (i) identifying the Enterprise, its members, and its associates with La Cosa Nostra or the "Mafia;" (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence, and

d.   Protecting the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

Means and Methods of the Enterprise

14.   Among the means and methods by which the defendants and other Enterprise members and associates conducted and participated in the conduct of the affairs of the Enterprise were the following:

a.   To protect and expand the Enterprise's business and criminal operations, members and associates of the Enterprise murdered, threatened to murder, assaulted, and threatened to assault persons who engaged in activity that jeopardized: (i) the power and criminal activities of the Enterprise; (ii) the power of leaders of the Enterprise and the status of its members; and (iii) the flow of criminal proceeds to members and associates of the Enterprise.

6

b.   Members and associates of the Enterprise generated or attempted to generate income for the Enterprise through dealing in controlled substances, robberies, extortion, making extortionate extensions of credit, wire fraud, mail fraud, operating illegal gambling businesses, selling untaxed cigarettes, and other offenses.

c.   Members and associates of the Enterprise kept victims and citizens in fear of the Enterprise and its leaders, members, and associates by: (i) identifying the Enterprise, its members, and its associates with the "Mafia"; (ii) causing and threatening to cause economic harm; and (iii) committing and threatening to commit physical violence;

d.   Members and associates of the Enterprise protected the Enterprise and its members and associates from detection and prosecution by law enforcement authorities through acts of intimidation and violence against potential witnesses to crimes committed by members of the Enterprise.

e.   To avoid law enforcement scrutiny of the Enterprise's criminal activities, members and associates of the Enterprise conducted meetings surreptitiously, typically using coded language when speaking on telephones, and avoiding discussing LCN activities in locations they suspected to be monitored by law enforcement surveillance.

15.   To effect the goals of the Enterprise, its members

worked together and coordinated with each other to perpetrate a number of different criminal acts and schemes, including, but not limited to, the following:

a.  Murder.  Members and associates of the Enterprise, including, but not limited to, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, did commit, conspire to commit, and attempt to commit murder in order to enforce the rules of the Enterprise among its members and associates, including, but not limited to: the murder of Michael Meldish on or about November 15, 2013; the attempted murder of the member of the Bonanno Family of LCN on or about May 29, 2013 ("Victim-1"); and the attempted murder in or about late 2012 of an associate of the Bonanno Family of LCN ("Victim-2") who had offended STEVEN L. CREA.

b.  Assault.  Members and associates of Enterprise, including, but not limited to, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, did commit, conspire to commit, and aid and abet the commission of assault in order to enforce the rules of the

8

Enterprise among its members and associates, and to intimidate and secure obedience from the Enterprise's victims.

c.    Distribution of Controlled Substances.   Members and associates of Enterprise, including, but not limited to STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," and CHRISTOPHER LONDONIO, the defendants, and others known and unknown, did distribute, conspire to distribute, or knowingly receive profits from the distribution of, controlled substances, including, but not limited to, cocaine, heroin, oxycodone and similar prescription opiates, and marijuana, as part of the business of the Enterprise.

d.    Extortion and Extortionate Debt Collection. Members and associates of the Enterprise, including, but not limited to, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," and CHRISTOPHER LONDONIO, the defendants, and others known and unknown, committed various acts of extortion by, in part, intimidating and threatening physical or economic harm to individuals in connection with loan collections and in order to obtain money, property, and employment opportunities.

e.    Robbery.  Members of the Enterprise, including but not limited to, CHRISTOPHER LONDONIO and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, committed acts of robbery with the aim of enriching themselves

9

and other members and associates of the Enterprise.

f.   Wire and Mail Fraud.   Members of the Enterprise, including but not limited to STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," the defendant, and others known and unknown, committed and caused to be committed acts of mail and wire fraud in connection with various public building projects.

g.   Money Laundering.   Members of the Enterprise, including but not limited to STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," the defendant, and others known and unknown, engaged in a series of financial transactions designed to further the unlawful activities of the Enterprise and to disguise the proceeds of the Enterprise's unlawful activities.

h.   Gambling.   Members of the Enterprise, including, but not limited to MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," and STEVEN D. CREA, a/k/a "Stevie Jr.," the defendants, and others known and unknown, organized, promoted, and knowingly and intentionally received proceeds from various forms of illegal gambling, including unlawful betting on sporting events and the operation of unlawful "joker poker"-type gambling machines as part of the business of the Enterprise.

i.   Cigarettes.   Members of the Enterprise,

including, but not limited to STEVEN L. CREA, a/k/a "Stevie,"
a/k/a "Stevie Wonder," a/k/a "Herbie," the defendant, and others
known and unknown, received, caused others to receive, and
profited from the purchase of contraband cigarettes that did not
bear a stamp evincing payment of applicable cigarette taxes, as
part of the business of the Enterprise.

    j.   Witness Intimidation and Retaliation.  Members of
the Enterprise used, conspired to use, and threatened to use
force to retaliate against and deter witnesses who provided
information to law enforcement regarding the criminal activities
of the Enterprise and its members and associates.

The Racketeering Conspiracy

    16.  From at least in or about 2000, up to and including at
least in or about May 2017, in the Southern District of New York
and elsewhere, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie,"
a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a
"Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a
"T," the defendants, and others known and unknown, being persons
employed by and associated with the racketeering enterprise
described in Paragraphs 1 through 14 above, namely, La Cosa
Nostra, which enterprise was engaged in, and the activities of
which affected, interstate and foreign commerce, knowingly
combined, conspired, confederated, and agreed together and with
each other to violate 18 U.S.C. § 1962(c), to wit, to conduct

and participate, directly and indirectly, in the conduct of the affairs of that enterprise through a pattern of racketeering activity, as that term is defined in Sections 1961(1) and 1961(5) of Title 18, United States Code, consisting of:

Multiple acts involving:

    a.    Murder, in violation of New York Penal Law Sections 20.00, 105.15, 110.00, 125.25, and 125.27;

    b.    Robbery, in violation of New York Penal Law, Sections 20.00, 105.15, 110.00, 160.05, 160.10, and 160.15;

    c.    Extortion, in violation of New York State Penal Law, Sections 110.00, 105.10, 155.40;

    d.    Gambling, in violation of New York State Penal Law, Sections 225.00 and 225.10, and New Jersey Code Sections 2C:37-2, 2C:37-3, and 2C:5-2;

Multiple acts indictable under the following provisions of federal law:

    e.    Title 18, United States Code, Sections 892 and 894 (relating to extortionate credit transactions);

    f.    Title 18, United States Code, Section 1341 (mail fraud);

    g.    Title 18, United States Code, Section 1343 (relating to wire fraud);

    h.    Title 18, United States Code, Section 1512 (witness tampering);

      i.    Title 18, United States Code, Section 1513 (witness retaliation);

      j.    Title 18, United States Code, Section 1951 (Hobbs Act robbery, extortion);

      k.    Title 18, United States Code, Section 1955 (relating to the management of an illegal gambling business);

      l.    Title 18, United States Code, Sections 2341 and 2342 (trafficking in contraband cigarettes); and

      m.    Title 18, United States Code, Sections 1956 and 1957 (money laundering);

Multiple offenses involving:

      n.    the distribution of controlled substances, including cocaine, heroin, marijuana and oxycodone, in violation of laws of the United States, namely Title 21, United States, Code, Sections 812, 841(a)(1), 841(b)(1)(A), 841(b)(1)(C), and 846, and Title 18, United States Code, Section 2.

17.    It was a part and object of the conspiracy that each defendant agreed that a conspirator would commit at least two acts of racketeering activity in the conduct of the affairs of the Enterprise.

### Notice of Special Sentencing Factors

18.    From at least in or about 2000, up to and including at least in or about May 2017, in the Southern District of New York and elsewhere, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie,"

a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a

"Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a

"T," the defendants, as part of their agreement to conduct and

participate in the conduct of the affairs of the Enterprise

through a pattern of racketeering activity, agreed that multiple

acts of murder would be committed, in violation of New York

Penal Law, Section 125.25, to wit, with intent to cause the

death of another person, the killing of such person or of a

third person.

(Title 18, United States Code, Section 1962(d).)

## COUNT TWO
### (Conspiracy to Commit Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

19.  At all times relevant to this Indictment, La Cosa

Nostra, as more fully described in Paragraphs 1 through 14 of

this Indictment, which are realleged and incorporated by

reference as though set forth fully herein, including its

leadership, membership, and associates, constituted an

enterprise as defined in Title 18, United States Code, Section

1959(b)(2), that is, a group of individuals associated in fact

which was engaged in, and the activities of which affected,

interstate and foreign commerce.  The Enterprise constituted an

ongoing organization whose members functioned as a continuing

unit for a common purpose of achieving the objectives of the

Enterprise.

20.  At all times relevant to this Indictment, the above-
described Enterprise, through its members and associates,
engaged in racketeering activity as defined in Title 18, United
States Code, Sections 1959(b)(1) and 1961(1), namely, acts
involving murder, robbery, extortion, and gambling, chargeable
under the laws of the States of New York and New Jersey and
punishable by imprisonment for more than one year; acts
involving narcotics distribution in violation of Title 21,
United States Code, Section 812, 841, and 846; and acts
indictable under Title 18, United States Code, Sections 892 and
894 (relating to extortionate credit transactions); Title 18,
United States Code, Sections 1341 and 1343 (relating to mail and
wire fraud); Title 18, United States Code, Sections 1512 and
1513 (witness tampering and retaliation); Title 18, United
States Code, Section 1951 (Hobbs Act robbery and extortion);
Title 18, United States Code, Section 1955 (relating to the
maintenance of an illegal gambling business); and Title 18,
United States Code, Sections 2341 and 2342 (relating to
trafficking in contraband cigarettes); and Title 18, United
States Code, Sections 1956 and 1957 (money laundering).

21.  In or about November 2013, in the Southern District of
New York and elsewhere, MATTHEW MADONNA, STEVEN L. CREA, a/k/a
"Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA,

a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in racketeering activity, as described above, knowingly conspired to murder Michael Meldish, in violation of New York Penal Law, Sections 125.25 and 105.15.

(Title 18, United States Code, Section 1959(a)(5).)

### COUNT THREE
**(Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

22.   Paragraphs 19 and 20 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

23.   In or about November 2013, in the Southern District of New York, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, and others known and unknown, as consideration for the receipt of, and as consideration for a promise and agreement to pay a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in

racketeering activity, as described above, intentionally and knowingly murdered, and aided and abetted the murder of Michael Meldish, in the vicinity of Baisley Avenue and Ellsworth Avenue in the Bronx, New York, on or about November 15, 2013, in violation of New York Penal Law, Sections 125.25 and 20.00, that is, with the intent to cause the death of Meldish, MADONNA, STEVEN L. CREA, STEVEN D. CREA, LONDONIO, and CALDWELL caused the death of Meldish.

(Title 18, United States Code, Sections 1959(a)(1) and 2.)

## COUNT FOUR
**(Assault and Attempted Murder in Aid of Racketeering Activity)**

The Grand Jury further charges:

24.  Paragraphs 19 and 20 of this Indictment are realleged and incorporated by reference as though fully set forth herein.

25.  On or about May 29, 2013, in the Southern District of New York, TERRENCE CALDWELL, a/k/a "T," the defendant, as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value from La Cosa Nostra, and for the purpose of gaining entrance to and maintaining and increasing position in La Cosa Nostra, an enterprise engaged in racketeering activity, as described above, intentionally and knowingly assaulted an individual with a dangerous weapon; attempted to murder that individual; and aided and abetted the same, to wit, CALDWELL shot at a member of the

17

Bonanno Family of LCN ("Victim-1"), resulting in bodily injury

to Victim-1, in the vicinity of First Avenue and 111th Street,

New York, New York, and aided and abetted the same, in violation

of New York Penal Law, Sections 20.00, 120.05, 125.25, and

110.00.

(Title 18, United States Code,
Sections 1959(a)(3), 1959(a)(5), and 2.)

## COUNT FIVE
### (Attempted Assault and Murder in Aid of Racketeering Activity)

The Grand Jury further charges:

26.   Paragraphs 19 and 20 of this Indictment are realleged

and incorporated by reference as though fully set forth herein.

27.   In or about late-2012, in the Southern District of New

York and elsewhere, STEVEN L. CREA, a/k/a "Stevie," a/k/a

"Stevie Wonder," a/k/a "Herbie," and STEVEN D. CREA, a/k/a

"Stevie Jr.," the defendants, as consideration for the receipt

of, and as consideration for a promise and agreement to pay, a

thing of pecuniary value from La Cosa Nostra, and for the

purpose of gaining entrance to and maintaining and increasing

position in La Cosa Nostra, an enterprise engaged in

racketeering activity, as described above, intentionally and

knowingly attempted to assault and murder an individual, and

aided and abetted the same, in violation of New York Penal Law,

Sections 20.00, 120.05, 125.25, and 110.00.

(Title 18, United States Code,

Sections 1959(a)(5), 1959(a)(6), and 2.)

## COUNT SIX
### (Conspiracy to Distribute Narcotics)

The Grand Jury further charges:

28. From in or about 2011 up to and including in or about May 2017, in the Southern District of New York and elsewhere, CHRISTOPHER LONDONIO, the defendant, and others known and unknown, intentionally and knowingly did combine, conspire, confederate, and agree together and with each other to violate the narcotics laws of the United States.

29. It was a part and an object of the conspiracy that CHRISTOPHER LONDONIO, the defendant, and others known and unknown, would and did distribute and possess with intent to distribute controlled substances in violation of Title 21, United States Code, Section 841(a)(1).

30. The controlled substances that CHRISTOPHER LONDONIO, the defendant, and others known and unknown, conspired to distribute and possess with intent to distribute were: (a) a quantity of marijuana, in violation of Title 21, United States Code, Section 841(b)(1)(D); and (b) mixtures and substances containing a detectable amount of oxycodone, in violation of Title 21, United States Code, Section 841(b)(1)(C).

(Title 21, United States Code, Section 846.)

## COUNT SEVEN
### (Use of Firearms Resulting in Death)

The Grand Jury further charges:

31.   On or about November 15, 2013, in the Southern District of New York, MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants, knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the murder charged in Count Three of this Indictment, did use and carry firearms, and, in furtherance of such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms, which firearms were discharged, and in the course of those crimes did cause the death of a person through the use of a firearm, which killing is murder as defined in Title 18, United States Code, Section 1111(a), to wit, MADONNA, STEVEN L. CREA, STEVEN D. CREA, LONDONIO, and CALDWELL caused the death of Michael Meldish by shooting Meldish, and aiding and abetting the same, in the vicinity of Baisley Avenue and Ellsworth Avenue, Bronx, New York.

(Title 18, United States Code,
Sections 924(j)(1) and 2.)

## COUNT EIGHT
### (Firearms Offense)

The Grand Jury further charges:

32.   On or about May 29, 2013, in the Southern District of New York, TERRENCE CALDWELL, a/k/a "T," the defendant, knowingly, during and in relation to a crime of violence for which he may be prosecuted in a court of the United States, namely, the attempted assault and murder charged in Count Four of this Indictment, did use and carry a firearm, and, in furtherance of such crimes, did possess a firearm, and did aid and abet the use, carrying, and possession of a firearm, which firearm was discharged.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i), (iii) and 2.)

## COUNT NINE
### (Firearms Offense)

The Grand Jury further charges:

33.   In or about late-2012, in the Southern District of New York and elsewhere, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," and STEVEN D. CREA, a/k/a "Stevie Jr.," the defendants, knowingly, during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, namely, the attempted assault and murder in aid of racketeering as charged in Count Five of this Indictment, did use and carry firearms, and, in furtherance of

21

such crimes, did possess firearms, and did aid and abet the use, carrying, and possession of firearms.

(Title 18, United States Code,
Sections 924(c)(1)(A)(i) and 2.)

## COUNT TEN
(Attempted Escape)

The Grand Jury further charges:

33.   In or about the summer of 2017, in the Southern District of New York and elsewhere, CHRISTOPHER LONDONIO, the defendant, knowingly attempted to escape from custody in the Metropolitan Detention Center, an institution and facility in which he was confined by direction of the Attorney General, by virtue of an arrest on a charge of a felony, to wit, the felony charges set forth in this Indictment.

(Title 18, United States Code, Section 751(a).)

## FORFEITURE ALLEGATION

34.   The allegations contained in Count One of this Indictment are hereby repeated, realleged, and incorporated by reference herein as though fully set forth at length for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 1963, and Title 28, United States Code, Section 2461(c).   Pursuant to Rule 32.2, Fed. R. Crim. P., notice is hereby given to MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and

TERRENCE CALDWELL, a/k/a "T," the defendants, that the United States will seek forfeiture as part of any sentence in accordance with Title 18, United States Code, Section 1963 in the event of any defendant's conviction under Count One of this Indictment.

35.  MATTHEW MADONNA, STEVEN L. CREA, a/k/a "Stevie," a/k/a "Stevie Wonder," a/k/a "Herbie," STEVEN D. CREA, a/k/a "Stevie Jr.," CHRISTOPHER LONDONIO, and TERRENCE CALDWELL, a/k/a "T," the defendants:

a.  have acquired and maintained interests in violation of Title 18, United States Code, Section 1962, which interests are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(1);

b.  have an interest in, security of, claim against, and property and contractual rights which afford a source of influence over, the Enterprise named and described herein which the above-named defendants established, operated, controlled, conducted, and participated in the conduct of, in violation of Title 18, United States Code, Section 1962, which interests, securities, claims, and rights are subject to forfeiture to the United States pursuant to Title 18, United States Code, Section 1963(a)(2); and/or

c.  have property constituting and derived from proceeds obtained, directly and indirectly, from the aforesaid

racketeering activity, in violation of Title 18, United States
Code, Section 1962, which property is subject to forfeiture to
the United States pursuant to Title 18, United States Code,
Section 1963(a)(3).

36.   The interests of the above-named defendants subject to
forfeiture to the United States pursuant to Title 18, United
States Code, Section 1963(a) include the amount of gross
proceeds received by the defendants derived from racketeering
activities as alleged in Count One of this Indictment.

37.   The above-named defendants, and each of them, are
jointly and severally liable for the forfeiture obligations as
alleged above.

### Substitute Asset Provision

38.   If any of the above-described forfeitable property, as
a result of any act or omission of the defendants:

a.   cannot be located upon the exercise of due
diligence;

b.   has been transferred or sold to, or deposited
with, a third person;

c.   has been placed beyond the jurisdiction of the
Court;

d.   has been substantially diminished in value; or

e.    has been commingled with other property which
cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 18 U.S.C.
§ 1963(m), 21 U.S.C. § 853(p), and 28 U.S.C. § 2461, to seek
forfeiture of any other property of said defendant up to the
value of the above forfeitable property.

(Title 18, United States Code Sections, Sections 492,
981(a)(1)(c), 982(a)(2)(b) and 1963, Title 21, United States
Code, Section 853, and Title 28, United States Code, Section
2461.)

FOREPERSON

GEOFFREY S. BERMAN
United States Attorney