UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------x
UNITED STATES OF AMERICA

    -v.-

MATTHEW MADONNA, *et al*..,

    Defendants.
-----------------------------------------------------x

SEALED ORDER

17-CR-89 (CS)

Seibel, J.

    Before the Court is the Government's September 24, 2019 letter-motion seeking partial sequestration of the jury, and the September 27, 2019 letter-responses of Defendant Madonna and Defendant Crea. This ruling is of necessity more brief than ideal, because the application was made so close to jury selection. I do not see why the Government did not make this motion when it submitted its proposed *voir dire*, as it does not arise from any recent events. Nevertheless, because I never set a deadline for this sort of motion, I will entertain it.

    It is within my discretion whether to order a partial sequestration of the jury. In exercising my discretion, I "must balance the defendant's interest in conducting meaningful *voir dire* and in maintaining the presumption of innocence, against the jury member's interest in remaining free from real or threatened violence and the public interest in having the jury render a fair and impartial verdict." *United States v. Amuso*, 21 F.3d 1251, 1264 (2d Cir. 1994). While I believe steps could be taken to reduce the prejudice to Defendants, that prejudice cannot be entirely eliminated, and at this point I do not see a strong need to believe the jury needs protection. *See id.* I acknowledge that Defendants are charged with participating in a large-scale criminal enterprise, the charges include acts of violence, and at least some of the Defendants, through their alleged leadership positions in the Luchese Family, likely have the means to

interfere with the jury. But courts in this District routinely try cases involving members of violent criminal groups who still have comrades on the street, and special measures for juries are rarely even requested in those cases. *See United States v. Mostafa*, 7 F. Supp. 3d 334, 338 (S.D.N.Y. 2014). The charged acts of violence here do not involve the judicial process. The only past act that even comes close is that Defendant Crea in 2000 allegedly told former co-defendant Datello to kill Sean Richard to prevent him from cooperating, but this attempt of almost twenty years ago never came to fruition, to Crea's knowledge did not involve any judicial forum, had nothing to do with jurors, and (according to the evidence the Court has seen) was rescinded by Crea in 2016 because Richard was a cooperator. Defendants have been the subject of numerous prior prosecutions, but there have been no attempts to tamper with jurors and witnesses in those cases. There has been little media attention to this case. These factors, on balance, *see United States v. Wilson*, 493 F. Supp. 397, 398 (E.D.N.Y. 2006), suggest partial sequestration is unnecessary. Accordingly, I deny the Government's request to empanel an escorted and partially sequestered jury.

That said, if jury selection reveals that it will be difficult to seat a jury because the jurors are concerned about their safety and partial sequestration is necessary for the jurors' peace of mind, *see United States v. Al Fawwaz*, 57 F. Supp. 3d 307, 309 (S.D.N.Y. 2014); *United States v. Scala*, 405 F. Supp. 2d 450, 452 (S.D.N.Y. 2005), the Court will revisit the issue. But the questionnaires submitted by the jurors reveal relatively few who expressed such concerns.

In order to avoid tainting the jury pool by discussion of this application, the Government's letter-motion and Defendant Madonna's and Defendant Crea's opposition thereto will remain under temporary seal until the conclusion of the trial.

SO ORDERED.

Dated: September 30, 2019
       White Plains, New York

                                                                             _____
                                                                             CATHY SEIBEL, U.S.D.J.