# Gang Land News
## Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

January 15, 2021

The Honorable Cathy Seibel
United States District Judge
300 Quarropas Street
White Plains, NY 10601

Re: *U.S. v. Londonio et al, 17CR89 (CS)*

Dear Judge Seibel,

<div style="color: purple;">
The Court did permit Mr. Capeci to intervene for purposes of challenging the sealing of certain documents, as reflected in the 8/3/18 minute entry. That matter is long concluded. Indeed, this case in its entirety is over. Mr. Capeci may be trying to establish that intervenors are entitled to ECF bounces, but it seems to me that the purpose of permitting intervenors to get ECF bounces is so that they can stay informed while the issues relating to them are pending, not to give them more direct access to the docket than any other member of the public once they no longer have any involvement in the proceedings. Final judgment having been entered against all Defendants, and there being no pending matter involving Mr. Capeci, I see no purpose in entering him on the docket as an intervenor and decline to so order.

SO ORDERED.

*Cathy Seibel* 1/20/21
CATHY SEIBEL, U.S.D.J.
</div>

I respectfully petition the Court to docket and grant my *pro se* letter motion dated December 18, 2020 to intervene in this case on behalf of the public since the Court did permit me to intervene on behalf of the public back in August of 2018.

It is clear that your Honor did permit me to intervene, even though you did not officially state that you were granting my motion to do so, since the Court did entertain my motion and did make rulings on my request to unseal documents that had been filed under seal in the case.

Before deciding the motion, the Court not only considered the responses to my motion that you ordered the government and lawyers for Steven D. Crea and Steven L. Crea to file. You discussed the pros and cons of sealing and unsealing parts of the filings in open court, before instructing the parties to prepare redacted versions of court documents and transcripts that had been completely sealed in order to make them available to the public.

As the Court is surely aware, my request for you to belatedly grant my motion to intervene is technical in nature, and not one that is important to anyone but the grizzled, sometimes grumpy, undersigned news reporter who has been covering the federal courts in New York and beyond for about 45 years now.

It is important because in order for me to receive an electronic email bounce about filings and rulings in this case, as I do in other SDNY criminal cases in which I have intervened on behalf of the press and the public, Daniel Ortiz, the SDNY's Director of Criminal Case Operations, insists

# Gang Land News
### Real Stuff about Organized Crime

capeci@ganglandnews.com
Jerry Capeci

that my motion to intervene has to be officially granted by the Court. *De facto* doesn't cut it for Mr. Ortiz.

For me to receive an electronic bounce in this case would not be a special privilege. It is something that the SDNY, and other federal courts, affords me, and *pro se* parties who have a PACER account and agree to abide by the rules. I have filled out and signed the appropriate form (see https://www.nysd.uscourts.gov/sites/default/files/pdf/proseconsentecfnotice-final.pdf) and have been approved to receive email notices in cases in which I have intervened over the years.

The record indicates that you did permit me to intervene as a third party on behalf of the public, as several courts (*See U.S. v King,* 140 F.3d 76, 77 (2d Cir. 1998); *U.S. v Haller,* 837 F.2d 84, 85 (2d Cir. 1988); *Herald,* 734 F.2d at 96. *In re Application of Herald Co.,* 734 F.2d 93, 96 (2d Cir. 1984).) have recognized is the procedurally proper method to protect the public right of access to documents filed in a criminal proceeding.

As the new year begins, I respectfully petition the Court to officially grant my motion to intervene on behalf of the public – and docket that decision.

Thank you.

Sincerely,

Jerry Capeci
cc Daniel Ortiz